# EXHIBIT 2

Kelly H. Macfarlane, 5213
KELLY H. MACFARLANE, PLLC.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 364-3724
Facsimile: (801) 323-9037
Email: Kelly@macfarlanelegalworks.com
*Attorneys for plaintiffs*

**IN THE FIRST JUDICIAL DISTRIC COURT**
**IN AND FOR CACHE COUNTY, STATE OF UTAH**

| | |
|---|---|
| JEFF C. TINGEY AND SAMANTHA MOORE, INDIVIDUALLY AND AS HEIRS OF LEAH JAN TINGEYAND NYALS BODINE AND JAY BODINE AS AN HEIR OF NYALS BODINE, PLAINTIFFS<br><br>v s .<br><br>NISSAN NORTH AMERICA INC. AND<br><br>NISSAN MOTOR CO. LTD.<br><br>DEFENDANTS. | COMPLAINT AND JURY DEMAND<br><br>TEIR 3<br><br>CIVIL NO.<br><br>Judge |

Plaintiffs, by and through their attorney, Kelly H. Macfarlane of Kelly H. Macfarlane, PLLC hereby complain of Defendants as follows:

1.      Plaintiff Jeff Tingey is a resident of Cache County, Utah who purchased a 2013 Nissan Versa Vin#3N1CN7AP9DL876189 which was purchased new at Ken Garff Nissan.

2.      Samantha Moore is the daughter of Jan Tingey and sister of Nyals Bodine and is a resident of Clark County, Ohio.

3.      Jay Bodine is the father of Nyals Bodine and is a resident of Wasatch County, Utah.

1

4.      Defendant Nissan North America, Inc. is a California Corporation registered to do business in Utah and sells cars in the State of Utah.

5.      Defendant Nissan Motor Co, Ltd. is a Japanese Multinational Company headquartered in Kanagawa, Japan which does business through its subsidiary and related corporate entity in the State of Utah.

6.      Jurisdiction over Defendants is proper pursuant to Utah Code Ann. § 78-27-2 where in Defendants transact business within the State of Utah and specifically contracted for the sale of goods in this County within the State of Utah which it knew or should have known was sold to residents of this county, including Jan and Jeff Tingey.

7.      Venue is proper as Cache County is the residence of Plaintiff Jeff Tingey who was personally in the accident and acts as the Personal Representative of the Estates of both parties killed in this accident who also resided in Cache County. Many of the witnesses who will testify of damages in this case also reside in Cache County.

8.      On March 20, 2016, Jan and Jeff Tingey decided to go for a Sunday drive in their Nissan Versa up to Lava Hot Springs in Idaho. Nyals Bodine was driving to gain experience.

9.      While driving there, another car coming from the opposite direction, drifted into their lane of travel on US Highway 30 and a head on collision ensued.

10.     Both Jan Tingey and her son, Nyals Bodine were killed in the collision.

11.     Jeff Tingey and the other diver of a Toyota Camry survived the collision with relatively few injuries.

**FIRST CAUSE OF ACTION**
**(Strict Product Liability)**

2

12.     Plaintiffs re-allege each of the numbered paragraphs of the complaints as though fully set forth herein.

13.     At the time that the Nissan Versa was purchased, it had design and/or manufacturing defects in the vehicle that prevented Nyals Bodine from moving his foot from the gas pedal to the brake without hitting a trim piece of the car that was in the way.

14.     At the time that the Nissan Versa was purchased it had design and/or manufacturing defects in the vehicle that made the vehicle unsafe for occupants, and in particular, the rear seat where Jan Tingey was sitting.

15.     The design and manufacturing defects in the vehicle rendered the vehicle unreasonably dangerous and unexpectedly defective for common purchasers of motor vehicles.

16.     As a result of these design and/or manufacturing defects, the collision could not be avoided and Nyals Bodine was prevented from having the critical time necessary to transfer from gas to brake and avoid the severity of the impact.

17.     Also, as a result of the design and or manufacturing defects, Jan Tingey was released into the compartment of the car unexpectedly during the collision and failed to have the standard of minimum safety required by law and by the state of art for the manufacture of motor vehicles which proximately caused substantial and fatal injuries which she suffered because of the design and manufacturing defects that were in the car on the day it was delivered to the Tingeys.

3

18.     The Nissan Versa purchased by the Tingeys was not damaged, misused, or altered prior to the date of this accident in any way that would worsen the accident or the severity of the injuries.

19.      As a result of the injuries caused by the accident to Nyals Bodine, and Jan Tingey, both were fatally wounded from the accident caused by the design/manufacturing defects in the car.  These defects proximately caused death, medical expenses, funeral and burial expenses, past and future lost wages and loss of association for the plaintiffs.   They also caused Jeff Tingey to suffer personally with past and future medical expenses and lost wages, pain and suffering and bodily injury in an amount that will be proven at trial.

## SECOND CAUSE OF ACTION
### (Breach of Warranty)

20.     Plaintiffs re-allege each of the numbered paragraphs of the complaints as though fully set forth herein.

21.     When the Nissan Versa was purchased, it was represented to be free from defects in design or in manufacture by written warranty delivered with the vehicle.

22.     Defendants also provided implied and express warranties of merchantability and fitness for particular purpose under Utah Code Ann. §§70A-2-314 and 315 which are incorporated herein by reference.

23.     Defendants breach the express and implied warranties provided to plaintiffs by providing a vehicle that was defective and unreasonably dangerous and defective in design and manufacture such that it contributed to the collision and caused the occupant Jan Tingey to suffer fatal injuries as a result of those design defects as alleged above.

24.     As a proximate cause of the breach of warranties by Defendants, the accident could not be avoided and Nyals Bodine, and Jan Tingey, both were fatally wounded from the accident caused by the design/manufacturing defects in the car.  These breaches proximately caused death, medical expenses, funeral and burial expenses, past and future lost wages, general damages and loss of association for the plaintiffs.   They also caused Jeff Tingey to suffer personally with past and future medical expenses and lost wages, pain and suffering and bodily injury in an amount that will be proven at trial.

### THIRD CAUSE OF ACTION
**(Negligence)**

25.     Plaintiffs re-allege each of the numbered paragraphs of the complaints as though fully set forth herein.

26.      Defendants negligently designed and manufactured the Nissan Versa in such a way that it prevented Nyals Bodine from properly moving his foot from the gas pedal to the brake and avoid the accident, minimize the impact and prevented Jan Tingey from being safely and securely seat belted in the rear passenger seat.

27.      The negligent design failed to meet the minimum safety standards for automobiles in the industry and to meet standards set out for the automotive industry specifically designed to keep drivers and passengers safe while the vehicle is in use and during a crash to protect occupants from impacts within the passenger compartment.

28.     As a proximate cause of the Negligence of Defendants, the accident could not be avoided and Nyals Bodine, and Jan Tingey, both were fatally wounded from the accident caused by the negligent design/manufacturing defects in the car.  This negligence of Defendants proximately caused death, medical expenses, funeral and burial expenses, past and

5

future lost wages, general damages and loss of association for the plaintiffs.   They also caused Jeff Tingey to suffer personally with past and future medical expenses and lost wages, pain and suffering and bodily injury in an amount that will be proven at trial.

WHEREFORE, as a result of the actions of Defendants as alleged above, Plaintiffs hereby demand damages from Defendants as follows:

A.        Medical Expenses in excess of $100,000.00, household services in excess of $25,000.00 and lost wages in excess of $180,000.00, funeral and burial expenses in an amount to be shown at trial;

B.        Future medical expenses and household services and lost wages in an amount to be determined at trial;

C.        General damages for pain and suffering and loss of enjoyment of life, loss of association and loss of consortium in an amount to be proved at trial.

D.        For prejudgment interest on Special Damages in an amount to be shown at trial pursuant to Utah Law.

E.        For such other and further relief as this court deems just and equitable.

JURY DEMAND

Plaintiffs request that this matter be set for a jury trial by tendering the necessary fees herewith.

Dated this 20th day of March, 2018.

KELLY H. MACFARLANE, PLLC.

/s/ *Kelly H. Macfarlane*_____
Kelly H. Macfarlane

*Attorneys for Plaintiffs*

Kelly H. Macfarlane, 5213
KELLY H. MACFARLANE, PLLC.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 364-3724
Facsimile: (801) 323-9037
Email: Kelly@macfarlanelegalworks.com
*Attorneys for plaintiffs*

**IN THE FIRST JUDICIAL DISTRIC COURT**
**IN AND FOR CACHE COUNTY, STATE OF UTAH**

| | |
|---|---|
| JEFF C. TINGEY AND SAMANTHA MOORE, INDIVIDUALLY AND AS HEIRS OF LEAH JAN TINGEYAND NYALS BODINE AND JAY BODINE AS AN HEIR OF NYALS BODINE, PLAINTIFFS<br><br>v s .<br><br>NISSAN NORTH AMERICA INC. AND<br><br>NISSAN MOTOR CO. LTD.<br><br>DEFENDANTS. | AMENDED COMPLAINT AND JURY DEMAND<br><br>TEID 3<br><br>CIVIL NO. 180100093<br><br>Judge Thomas Willmore |

Plaintiffs, by and through their attorney, Kelly H. Macfarlane of Kelly H. Macfarlane, PLLC hereby complain of Defendants as follows:

1.      Plaintiff Jeff Tingey is a resident of Cache County, Utah who purchased a 2013 Nissan Versa Vin#3N1CN7AP9DL876189 which was purchased new at Ken Garff Nissan, located on Riverdale Road in Weber County, Utah.

2.      Samantha Moore is the daughter of Jan Tingey and sister of Nyals Bodine and is a resident of Clark County, Ohio.

3.      Jay Bodine is the father of Nyals Bodine and is a resident of Wasatch County, Utah.

1

4.      Defendant Nissan North America, Inc. is a California Corporation registered to do business in Utah and sells cars in the State of Utah.

5.      Defendant Nissan Motor Co, Ltd. is a Japanese Multinational Company headquartered in Kanagawa, Japan which does business through its subsidiary and related corporate entity in the State of Utah through the supply of engineering designs, parts, support and training for engineers and car designers for the Nissan Versa involved in this accident and including the seatbelt and bolts associated with the seat belt.  They also provide the incentives associated with the sale of vehicles in Utah and the structure which supports Nissan North America Inc. which incentivizes the cutting of cost corners associated with the manufacture of Nissan brand vehicles.

6.      Jurisdiction  over Defendants is proper pursuant to Utah Code Ann. § 78-27-2 where in Defendants  transact business within the State of Utah and specifically contracted for the sale of goods in  this County and within the State of Utah which it knew or should have known was sold to residents of this county, including Jan and Jeff Tingey and also conducted all of the other business, design work and other services outlined in paragraph 5 which were involved in the manufacture, design, sales scheme, and incentives for the Nissan Versa involved in this accident and with other Nissans sold in the State of Utah and Cache County.

7.      Venue is proper as Cache County is the residence of Plaintiff Jeff Tingey who was personally in the accident and acts as the Personal Representative of the Estates of both parties killed in this accident who also resided in Cache County.  Many of the witnesses who will testify of damages in this case also reside in Cache County.

8.      On March 20, 2016, Jan and Jeff Tingey decided to go for a Sunday drive in their Nissan Versa up to Lava Hot Springs in Idaho.  Nyals Bodine was driving to gain experience.

2

9.      While driving there, another car coming from the opposite direction,  drifted into their lane of travel on US Highway 30 and a head on collision ensued.

10.      Both Jan Tingey and her son, Nyals Bodine were killed in the collision.

11.      Jeff Tingey and the other diver of a Toyota Camry survived the collision with relatively few injuries.

### FIRST CAUSE OF ACTION
#### (Strict Product Liability)

12.      Plaintiffs re-allege each of the numbered paragraphs of the complaints as though fully set forth herein.

13.      At the time that the Nissan Versa was purchased, it had design and/or manufacturing defects in the vehicle that prevented Nyals Bodine from moving his foot from the gas pedal to the brake without hitting a trim piece of the car that was in the way.

14.      At the time that the Nissan Versa was purchased it had design and/or manufacturing defects in the vehicle that made the vehicle unsafe for occupants, and in particular, the rear seat where Jan Tingey was sitting.

15.      The design and manufacturing defects in the vehicle rendered the vehicle unreasonably dangerous and unexpectedly defective for common purchasers of motor vehicles.

16.      As a result of these design and/or manufacturing defects, the collision could not be avoided and Nyals Bodine was prevented from having the critical time necessary to transfer from gas to brake and avoid the severity of the impact.

17.      Also, as a result of the design and or manufacturing defects, Jan Tingey was released into the compartment of the car unexpectedly during the collision and failed to have the

3

standard of minimum safety required by law and by the state of art for the manufacture of

motor vehicles which proximately caused substantial and fatal injuries which she suffered

because of the design and manufacturing defects that were in the car on the day it was

delivered to the Tingeys.

18.     The Nissan Versa purchased by the Tingeys was not damaged, misused, or altered

prior to the date of this accident in any way that would worsen the accident or the severity of

the injuries.

19.     As a result of the injuries caused by the accident to Nyals Bodine, and Jan Tingey,

both were fatally wounded from the accident caused by the design/manufacturing defects in

the car.  These defects proximately caused death, medical expenses, funeral and burial

expenses, past and future lost wages and loss of association for the plaintiffs.   They also

caused Jeff Tingey to suffer personally with past and future medical expenses and lost wages,

pain and suffering and bodily injury in an amount that will be proven at trial.

## SECOND CAUSE OF ACTION
### (Breach of Warranty)

20.     Plaintiffs re-allege each of the numbered paragraphs of the complaints as though fully

set forth herein.

21.     When the Nissan Versa was purchased, it was represented to be free from defects in

design or in manufacture by written warranty delivered with the vehicle.

22.     Defendants also provided implied and express warranties of merchantability and

fitness for particular purpose under Utah Code Ann. §§70A-2-314 and 315 which are

incorporated herein by reference.

4

23.     Defendants breached the express and implied warranties provided to plaintiffs by providing a vehicle that was defective and unreasonably dangerous and defective in design and manufacture such that it contributed to the collision and caused the occupant Jan Tingey to suffer fatal injuries as a result of those design defects as alleged above.

24.     As a proximate cause of the breach of warranties by Defendants, the accident could not be avoided and Nyals Bodine, and Jan Tingey, both were fatally wounded from the accident caused by the design/manufacturing defects in the car which failed to provide minimum crash safety to its occupants.  These breaches proximately caused death, medical expenses, funeral and burial expenses, past and future lost wages, general damages and loss of association for the plaintiffs.   They also caused Jeff Tingey to suffer personally with past and future medical expenses and lost wages, pain and suffering and bodily injury in an amount that will be proven at trial.

### THIRD CAUSE OF ACTION
**(Negligence)**

25.     Plaintiffs re-allege each of the numbered paragraphs of the complaints as though fully set forth herein.

26.      Defendants negligently designed and manufactured the Nissan Versa in such a way that it prevented Nyals Bodine from properly moving his foot from the gas pedal to the brake and avoid the accident, minimize the impact and prevented Jan Tingey from being safely and securely seat belted in the rear passenger seat.

27.     Defendants, through the supply of engineering defective designs, parts, negligent support and training for engineers and car designers for the Nissan Versa involved in this accident and including the seatbelt and bolts associated with the seat belt contributed to the failure of crash safety protections

5

within the passenger compartment of this Nissan Versa.  Defendants also provided the incentives associated with the sale of vehicles in Utah and the structure which supports Nissan North America Inc. which incentivizes the cutting of cost corners associated with the manufacture of Nissan brand vehicles and compromising the crash protection systems minimum standards set by NHTSA and other government and industry standards.

28.     The negligent design failed to meet the minimum safety standards for automobiles in the industry and to meet standards set out for the automotive industry specifically designed to keep drivers and passengers safe while the vehicle is in use and during a crash to protect occupants from impacts within the passenger compartment.

29.     As a proximate cause of the Negligence of Defendants, the accident could not be avoided and Nyals Bodine, and Jan Tingey, both were fatally wounded from the accident caused by the negligent design/manufacturing defects in the car designed to prevent and protect occupants in the event of a crash.

30.     This negligence of Defendants proximately caused death, medical expenses, funeral and burial expenses, past and future lost wages, general damages and loss of association for the plaintiffs.   They also caused Jeff Tingey to suffer personally with past and future medical expenses and lost wages, pain and suffering and bodily injury in an amount that will be proven at trial.

WHEREFORE, as a result of the actions of Defendants as alleged above, Plaintiffs hereby demand damages from Defendants as follows:

6

A.         Medical Expenses in excess of $100,000.00, household services in excess of

$25,000.00 and lost wages in excess of $180,000.00, funeral and burial expenses in an

amount to be shown at trial;

B.         Future medical expenses and household services and lost wages in an amount to

be determined at trial;

C.         General damages for pain and suffering and loss of enjoyment of life, loss of

association and loss of consortium in an amount to be proved at trial.

D.         For prejudgment interest on Special Damages in an amount to be shown at trial

pursuant to Utah Law.

E.         For such other and further relief as this court deems just and equitable.

JURY DEMAND

Plaintiffs request that this matter be set for a jury trial by tendering the necessary fees

herewith.

Dated this 18th day of July, 2018.

KELLY H. MACFARLANE, PLLC.


/s/ *Kelly H. Macfarlane*_____
Kelly H. Macfarlane

*Attorneys for Plaintiffs*